



FILED

2008 DEC 15 P 2: 23

CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

**YARBROUGH & DUNN**
2241 East Pecos Road, Ste, 2
Chandler, Arizona 85225
TEL: 480.456.1718
FAX: 480.726.7588

**Boyd W. Dunn/SB#005709**
Attorney for Marnie A. Mallory

# IN THE UNITED STATES BANKRUPTCY COURT
# IN AND FOR THE DISTRICT OF ARIZONA

In re:

TIMOTHY A. INMAN,

     Debtor(s),

MARNIE A. MALLORY,

     Plaintiff,

   vs.

TIMOTHY A. INMAN

     Defendant.

Chapter 13 Proceeding

**Case No.: 2:08-bk-12023-GBN**

Adversary No.: **08-938**

## COMPLAINT TO HOLD DEBT NON-DISCHARGABLE UNDER 11 U.S.C. 523

COMES NOW the Plaintiff, MARNIE A. MALLORY ("Plaintiff"), by and through her undersigned counsel, and for her claim for relief against Defendant, TIMOTHY A. INMAN, alleges as follows:

1. This is an adversary proceeding to determine the validity and the dischargeability of a debt pursuant 11 U.S.C. 523.

2. This Court has jurisdiction over this adversary proceeding under 11 U.S.C. 523 and 11 U.S.C. 1328 in accordance with 28 U.S.C. 157 and 1334.

3. On September 10, 2008, Defendant filed a voluntary Chapter 13 petition in bankruptcy. The Bankruptcy Court made its order fixing

Boyd W. Dunn/SB#005709
YARBROUGH & DUNN
2241 East Pecos Road, Ste. 2
Chandler, Arizona 85225
TEL/480.456.1718 $ FAX/480.726.7588

Boyd W. Dunn/SB#005709
YARBROUGH & DUNN
2241 East Pecos Road, Ste. 2
Chandler, Arizona 85225
TEL/480.456.1718 $ FAX/480.726.7588

the time for filing complaints to determine dischargeability of any debt to be December 15, 2008, and Plaintiff has commenced her complaint timely.

4. Plaintiff is a single woman residing in Maricopa County, Arizona.

5. Plaintiff is the Debtor/Defendant's ex-wife. A Decree of Dissolution of Marriage was entered between the parties in the Superior Court of Maricopa County on March 9, 2007 (see "Exhibit A", Decree of Dissolution of Marriage, pages 3-6).

6. The major issue in said dissolution action was whether or not Plaintiff was entitled to an award of spousal maintenance and if so, how much. Upon protracted litigation and trial, Plaintiff, suffering from multiple sclerosis was granted an award of spousal maintenance as well as child support as the primary custodial parent of the parties' minor children.

7. As a direct consequence of the award of spousal maintenance and child support, Plaintiff was awarded attorney's fees against Defendant in the total amount of $31,950.00 earning statutory interest of 10% per annum (see "Exhibit B", rulings dated 8/23/2007 and 12/13/2007).

8. The Superior Court of Maricopa County has subsequently ordered that said attorney's fees be paid by Debtor/Defendant, who has refused to make such payments.

9. Due to the actions of the Debtor/Defendant, it was necessary for the Plaintiff to employ its undersigned attorney in the filing of this action for which the Plaintiff will incur costs and expenses, including attorney's fees.

10. By reason of the foregoing, Plaintiff is entitled to a Judgment against the Debtor/Defendant determining the debt owed to Plaintiff to be non-dischargeable under 11 U.S.C. 523(a)(15).

Boyd W. Dunn/SB#005709
**YARBROUGH & DUNN**
2241 East Pecos Road, Ste. 2
Chandler, Arizona 85225
TEL/480.456.1718 § FAX/480.726.7588

11. Plaintiff hereby gives notice of the possibility of an amendment as/or reserves the right to amend this complaint to add additional causes of action under U.S.C. §§ 523 and 727, including relief to the extent discovery supports such additional grounds.

WHEREFORE, Plaintiff, MARNIE A. MALLORY, respectfully requests this Honorable to enter Judgment against Defendant, TIMOTHY A. INMAN, as follows:

A. Pursuant to 11 U.S.C. § 523(a)(15), determining that Plaintiff's debts are un-dischargeable;

B. For an entry for final money Judgment against Defendant/Debtor in the amount of not less than $31,950.00 plus interest at 10%;

C. For an award of Plaintiff's reasonable attorney's fees and costs incurred herein; and

D. For such other and further relief as the Court deems just and proper under the circumstances.

DATED this **15TH** day of December, 2008.

YARBROUGH & DUNN

By _____
Boyd W. Dunn
Attorney for Plaintiff

/ / /

/ / /

/ / /

/ / /

ORIGINAL filed; COPY of the foregoing
mailed this 15th day of December, 2008 to:

Timothy A. Inman
444 W. Midland Lane
Gilbert, Arizona 85233
*Debtor/Defendant*

Victoria A. Bellomo
The Rosacci Law Firm, PC
3411 N. 32nd Street
Phoenix, Arizona 85018
*Attorney for Debtor/Defendant*

Marnie A. Mallory
73 N. Honeysuckle Drive
Gilbert, Arizona 85234
*Plaintiff*

By _____

Boyd W. Dunn/SB#005709
**YARBROUGH & DUNN**
2241 East Pecos Road, Ste. 2
Chandler, Arizona 85225
TEL/480.456.1718  $  FAX/480.726.7588

# EXHIBIT A

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2006-001776                                       03/09/2007

CLERK OF THE COURT
HONORABLE L. GRANT                                   T. Fenton
                                                     Deputy

IN RE THE MATTER OF
TIMOTHY A INMAN                        ALONA M GOTTFRIED

AND

MARNIE A MALLORY                       BOYD W DUNN


JUDGMENT/DECREE


     This matter having been taken under advisement, the Court has considered the evidence and testimony presented and has reviewed the file.

     Prior to the presentation of evidence to the Court, the parties entered into certain agreements consistent with their Joint Pretrial Statement: the parties have stipulated and agreed and that they would have joint custody of the minor children and stipulated and agreed to a summer vacation parenting schedule, the allocation of the joint tax returns for taxable years 2005 and 2006, and the appointment of a Parenting Coordinator.

## I. DISSOLUTION

     Timothy A. Inman, Petitioner/Father provided the Court with jurisdictional testimony. Based upon the testimony presented by Petitioner/Father and the agreements of the parties as reflected in the Joint Pretrial Statement,

Docket Code 019                    Form D000C                    Page 1

FC 2006-001776                                        03/09/2007

THE COURT FINDS that the parties were residents of Maricopa County 90 days prior to the filing of the Petition for Dissolution; that the provisions for conciliation services either do not apply or have been met; that during the marriage two minor children were born, Genoa Sage Inman on June 28, 2000, and Monet Brice Inman June 5, 2002; and that Marnie A. Mallory, Respondent/Mother, is not pregnant nor does she wish to be restored to the use of her maiden name.

Based upon these findings,

**IT IS ORDERED** that the marriage between these parties is hereby dissolved and the parties are restored to the status of single persons upon the signing and filing of this minute entry as the Decree of Dissolution of Marriage.

**IT IS FURTHER ORDERED** that as a result of the stipulation and agreement between the parties, they are awarded joint custody of the minor children.

## II. PARENTING PLAN

Petitioner/Father demanded that a medical doctor be appointed to perform the custody evaluation in this case because Respondent/Mother has multiple sclerosis. Dr. Robert Cotter, M.D., was appointed to perform the custody evaluation in this case; his report is Exhibit 29.

Petitioner/Father suggests in the Joint Pretrial Statement that that he should have more time with the minor children, contrary to Dr. Cotter's recommendation. According to Petitioner/Father, Dr. Cotter failed to recognize that Respondent/Mother had engaged in alienating behavior.

On the other hand, Respondent/Mother, in the Joint Pretrial Statement, suggests that Dr. Cotter's recommendation be adopted as a final order of the court. Respondent/Mother, in her Closing Memorandum, argues that Dr. Cotter outlined the basis for her diagnosis and that Petitioner/Father failed to present any evidence to contradict her diagnoses and its consequences.

After considering the testimony presented at trial, Dr. Cotter's recommendation, and the arguments of the parties concerning the adoption or rejection of Dr. Cotter's recommended parenting plan,

Case 2:08-ap-00938-GBN    Doc 2    Filed 12/15/08    Entered 12/16/08 11:06:27    Desc
Main Document        Page 7 of 23
12/16/2008

THE COURT FINDS that it would be in the best interests of the minor children pursuant to the requirements of A.R.S. § 25-403 to accept Dr. Cotter's recommendation as the final order of this Court concerning the parenting plan for the minor children.

**IT IS ORDERED** that Dr. Cotter's recommendation for the parenting plan for the minor children is adopted as the final Order of this Court, and that the parenting plan for the minor children, because Dr. Cotter's recommendation, is in the best interests of the minor children pursuant to the requirements of A.R.S. § 25-403.

### III. SPOUSAL MAINTENANCE

The major issue in this case is whether or not Respondent/Mother is entitled to an award of spousal maintenance and if so, how much. The parties were married in April of 1998 and in 1999 Respondent/Mother were diagnosed with multiple sclerosis. On April 21, 2006, Respondent/Mother was served with Petition for Dissolution of Marriage. The marriage was for approximately eight years.

Petitioner/Father has maintained throughout this litigation that Respondent/Mother is not entitled to an award of spousal maintenance as this was a short-term marriage of only eight years. Further, Petitioner/Father suggests that Respondent/Mother's income from her disability provides her with sufficient income to meet her reasonable and necessary needs. In Petitioner/Father's Closing Memorandum he argues that Respondent/Mother failed to meet the requirements of A.R.S. § 25-319(A) for an award of spousal maintenance. Petitioner/Father goes on to argue that Respondent/Mother "provided no evidence that she is unable to work. Neither a diagnosis of MS nor receipt of disability income is a finding that someone cannot work." As support for his argument, Petitioner/Father cites the Court to language from Dr. Cotter's report that Respondent/Mother is "not severely or totally disabled by her condition."

Petitioner/Father goes on to argue that potential employers for Respondent/Mother must make reasonable accommodations, given her disability, during her employment. Petitioner/Father stressed that given the amount of income that Respondent/Mother receives in social security disability that she has sufficient income to meet her monthly expenses. Furthermore, Respondent/Father argues that Respondent/Mother's reasonable needs must be examined or compared with the lifestyle that the parties enjoyed during the marriage. Petitioner/Father points out that during the marriage the parties lived beyond their means and financed their lifestyle by use of their credit cards; this is reflected by the massive debt accumulated during the marriage in excess of $125,000.00. Petitioner/Father concludes by arguing that given his monthly expenses he simply does not have the money to pay spousal maintenance to Respondent/Mother.

FC 2006-001776                                          03/09/2007

Respondent/Mother, in this litigation, has taken the position that she is entitled to an award of spousal maintenance given her diagnosis of multiple sclerosis and the standard of living that the parties enjoyed during the marriage. Respondent/Mother, in her Closing Memorandum, argues that Petitioner/Father has taken an inconsistent position concerning her multiple sclerosis: on one hand he has argued that her diagnoses prevents her from adequately caring for the minor children and on the other hand he argues that her diagnosis of multiple sclerosis does not prevent her from entering the workforce and supporting herself. Respondent/Mother goes on to argue that at the conclusion of this case she will no longer be covered under Petitioner/Father's health care insurance and that she would have a pre-existing condition; she argues health insurance would cost approximately $1,687.00 per month.

Dr. Cotter reported, "There is no definitive evidence that her multiple sclerosis is progressing at this time. Its presence and limited symptoms have been sufficient to qualify her for disability benefits in regard to employment in the workforce but not sufficient to render her incapable of caring for herself or, in my opinion, caring for her children. From my own observation as well as the medical reports, I do not find Ms. Mallory physically or medically unfit to parent Genoa and Monet at this time. Multiple sclerosis can have serious exacerbations and can, at times, progress rapidly, but this has not occurred with Ms. Mallory during the seven years since her diagnoses." Further, Exhibit 39 is evidence that Respondent/Mother's disability is continuing and prevents her from working.

THE COURT FINDS that Petitioner/Father may not use Respondent/Mother's multiple sclerosis both as a shield and a sword: Petitioner/Father has argued that Respondent/Mother's multiple sclerosis prevents her from adequately caring for the children and turns around and argues that her multiple sclerosis does not prevent her from entering the work force and gaining employment and supporting herself, this juxtaposition is unreasonable given the circumstances of this case and is rejected by this Court.

Both parties knew that Respondent/Mother had multiple sclerosis when they made their decision to have children.

As Respondent/Mother has been the primary childcare provider for the minor children,

**IT IS ORDERED** that Respondent/Mother will continue to be the primary childcare provider for the minor children.

FC 2006-001776                                                    03/09/2007

THE COURT FINDS that Respondent/Mother does meet the threshold requirements for an award of spousal maintenance pursuant to A.R.S. § 25-319.

**IT IS ORDERED** that Respondent/Mother shall receive an award of spousal maintenance.

THE COURT FURTHER FINDS that during the marriage the parties lived beyond their means and as result there is substantial community debt that needs to be retired.

THE COURT FURTHER FINDS that Respondent/Mother's award of spousal maintenance should not be in an amount to maintain what was her standard of living during the marriage as that standard of living was supported by credit card debt rather than from the true income of the community.

**IT IS ORDERED** that Petitioner/Father shall pay to Respondent/Mother as and for spousal maintenance the sum of $845.00 per month for a period of no more than four (4) years or until the death of either party or until Respondent/Mother's remarriage. All spousal maintenance payments shall be made through the Support Payment Clearinghouse, P.O. Box 52107, Phoenix, Arizona, 85072-2107, pursuant to an Order of Wage Assignment. Petitioner/Father shall make biweekly payments of spousal maintenance in order to satisfy this obligation.

## IV. CHILD SUPPORT

Based on the evidence presented, the Court has prepared its own Child Support Worksheet, which will be submitted to the Clerk's Office for scanning and docketing. Based on the Court's calculation,

**IT IS ORDERED** that Petitioner/Father shall pay child support in the amount of $266.38 beginning the first day of the first month following entry of this Order. Respondent/Father shall make biweekly payments of child support in order to satisfy this obligation.

**IT IS FURTHER ORDERED** that all support payments shall be made through the Support Payment Clearinghouse, P.O. Box 52107, Phoenix, Arizona, 85072-2107, pursuant to an Order of Wage Assignment. Petitioner/Father shall be assessed the statutory handling fee of $2.25 per month pursuant to A.R.S. § 25-510. The total amount of spousal maintenance and child support is $1,113.63 per month.

12/16/2008

FC 2006-001776                                          03/09/2007

Formal written Child Support Order is approved and signed by the Court March 9, 2007, and filed (entered) by the Clerk on this 9th day of March, 2007.

Order of Assignment ($1,113.63 per month total: $266.38 per month as and for current child support; $845.00 per month as and for current spousal maintenance; $2.25 per month as and for the Support Payment Clearinghouse Handling Fee) is approved and signed by the Court March 9, 2007, and filed (entered) by the Clerk on this 9th day of March, 2007.

**IT IS FURTHER ORDERED** that within five (5) days from the filing date of this minute entry, counsel for Petitioner/Father shall submit to this Court a completed Current Employer Information Sheet, a form for which is attached to this minute entry for counsel's convenience.

**IT IS FURTHER ORDERED** that until the Order of Assignment becomes effective Petitioner/Father is responsible for paying his child support obligation directly to the Support Payment Clearinghouse, P.O. Box 52107, Phoenix, Arizona, 85072-2107. Instructions for making payments directly to the Support Payment Clearinghouse are attached for Father's convenience.

## V. MEDICAL EXPENSES AND UNINSURED MEDICAL EXPENSES

**IT IS ORDERED** that Petitioner/Father shall provide medical and/or dental insurance for the minor children.

**IT IS FURTHER ORDERED** that Petitioner/Father shall be responsible for 100% of the uninsured medical and/or dental expenses of the minor child.

**IT IS FURTHER ORDERED** that after the minor children has received treatment from a licensed health care professional Respondent/Mother shall provide Petitioner/Father with a copy of the receipt for services within seven (7) days of the children receiving services from a licensed health professional.

**IT IS FURTHER ORDERED** that within thirty (30) days of receiving a copy of the receipt from the licensed health care professional who provide service to the minor children, Petitioner/ Father shall pay 100% of the expenses for the services as provided by the licensed health care professional.

FC 2006-001776                                      03/09/2007

## VI. TAX EXEMPTIONS

**IT IS FURTHER ORDERED** that the Federal and State tax exemption applicable to the parties' children shall be divided between the parties as follows: Petitioner/Father shall be entitled to utilize the exemption for the minor child, Monet, every taxable year beginning with taxable year 2007. Further, Respondent/Mother shall be entitled to utilize the exemption for the minor child, Genoa, every odd taxable year beginning with taxable year 2007. In even numbered taxable years Petitioner/Father shall be entitled to utilize the exemption for both minor children beginning with taxable year 2008.

## VII. THE MARITAL RESIDENCE AND COMMUNITY DEBT

**IT IS ORDERED** that the marital residence of the former "Inman and Mallory Community" be sold and the equity in the former marital residence shall be used to satisfy and/or retire the debt of the former community.

Petitioner/Father argues that the amount of debt accumulated by the "Inman and Mallory Community" at the time of service, including interest, is approximately $131,750.03. On the other hand, Respondent/Mother argues that the amount of debt accumulated by the "Inman and Mallory Community" at the time of separation is approximately $150,144.24. It is true, as Petitioner/Father argues, that Respondent/Mother has provided the Court with a different list of debts that have been accumulated by this community. Further, Petitioner/Father argues that Respondent/Mother gave him insufficient notice of some additional claims of the community's obligations.

THE COURT FINDS that Petitioner/Father's argument and calculation concerning the amount of community debt accumulated at the time of service is appropriate.

**IT IS THEREFORE ORDERED** adopting Petitioner/Father's position concerning the amount of debt that had been accumulated by the "Inman and Mallory Community" at the time of service.

**IT IS FURTHER ORDERED** that the former marital residence located at 73 North Honeysuckle Lane, Gilbert, Arizona 85234, be sold and that the proceeds from the sale of this property shall be used to retire and/or satisfy the debt of the former "Inman and Mallory Community" that had been accumulated at the time of service.

Case 2:08-ap-00938-GBN    Doc 2    Filed 12/15/08    Entered 12/16/08 11:06:27    Desc
Main Document        Page 12 of 23

12/16/2008

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2006-001776                                    03/09/2007

**IT IS FURTHER ORDERED** that if there are any proceeds after the sale of the former marital residence, those proceeds shall be split equally between the parties.

**IT IS FURTHER ORDERED** that if the proceeds from the sale of the former "Inman and Mallory Community" is insufficient to satisfy and/or retire the debt accumulated by this community both parties are equally responsible for satisfying and retiring any remaining debt.

**IT IS FURTHER ORDERED** that any debt accumulated by either party after the filing of the Petition for Dissolution of Marriage is awarded to him or her as his or her sole and separate obligation.

Petitioner/Father testified and argues that Respondent/Mother and the minor children should vacate the former marital residence, as their moving out will facilitate the sale of this property. The Court finds this argument unreasonable.

**IT IS ORDERED** that Respondent/Mother and the minor children may continue to reside in the former marital residence until such time as the property is sold.

Since Respondent/Mother will be receiving spousal maintenance from Petitioner/Father,

**IT IS ORDERED** that both parties shall be responsible for the payments on the mortgage until such time as the former marital residence is sold.

**IT IS FURTHER ORDERED** that Petitioner/Father shall be responsible for 65% of the mortgage payments and that Respondent/Mother shall be responsible for 35% of the mortgage payments.

**IT IS FURTHER ORDERED** that Real Estate Commissioner Steffanie J. Countryman, of West USA Realty, 321 E. Stonebridge Drive, Gilbert, Arizona 85234, is appointed to prepare the property for sale.

**IT IS FURTHER ORDERED** that Petitioner/Father and Respondent/Mother shall comply with any and all requests by Real Estate Commissioner Countryman as she prepares this property for sale.

**IT IS FURTHER ORDERED** that Real Estate Commissioner Countryman will receive her appointment by way of a separate minute entry.

Case 2:08-ap-00938-GBN    Doc 2    Filed 12/15/08    Entered 12/16/08 11:06:27    Desc
Main Document    Page 13 of 23

12/16/2008

FC 2006-001776                                                      03/09/2007

## VIII.  THE FAMILY BUSINESS

Immediately prior to the filing of the Petition for Dissolution of Marriage, the parties started a business; that business failed.  It was clear from the testimony that both parties agreed that this business venture was to be a business venture of "Inman and Mallory Community."

**THE COURT FINDS AND ORDERS** that this failed business venture was a business venture of the former "Inman and Mallory Community" and that both parties are equally responsible for any financial obligations arising out of that failed business venture.

**IT IS FURTHER ORDERED** that neither party is entitled for reimbursement of any funds invested in this failed business venture.

## IX.  PERSONAL PROPERTY

**THE COURT FINDS AND ORDERS** that each party is awarded that personal property currently in their possession as their sole and separate property, including any vehicles and any liens or encumbrances thereon.

**THE COURT FURTHER FINDS AND ORDERS** that any bank accounts opened in the names of the minor children are awarded to the minor children as their sole and separate property.

**IT IS FURTHER ORDERED** that the parent currently in possession of any records evidencing the accounts in the names of the minor children is designated as the custodian of those accounts for the benefit of the children.

## X.  ATTORNEY'S FEES

The language in A.R.S. § 25-324 is clear; it reads in part: "The court from time to time, after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings, may order a party to pay a reasonable amount to the other party for the cost and expenses of maintaining or defending any proceeding ...." Trial courts have broad discretion when considering an award of attorney's fees.  Kennedy v. Kennedy, 93 Ariz. 252, 379 P.2d 966 (App. 1963).

When the Court is considering an award of attorney's fees, that inquiry is not limited to the gross disparity in the parties' income.  The Court in Magee v. Magee, 206 Ariz. 589, 81 P.3d (Ariz. App. Div. 1, 2004) said:

Docket Code 019                          Form D000C                          Page 9

FC 2006-001776                                              03/09/2007

By way of summary, we conclude that an applicant's inability to pay his or her own attorneys' fees is not a prerequisite to consideration for an award under A.R.S. § 25-324. Rather, relative financial disparity between the parties is the benchmark for eligibility. If the trial court finds such a disparity, it is then authorized to undertake its discretionary function of determining whether an award is appropriate. In doing so, the court can include in its consideration the fact that the applicant spouse has the ability to pay, but can not grant or deny an award on this basis alone. Rather the court must consider all relevant factors.

It is clear from this language that the Court is required to consider all relevant factors and not merely the financial disparity between the parties. One of the factors that the Court must consider is the reasonableness of the positions each party has taken throughout the proceedings. On balance, the Court has considered the financial resources of the parties and the reasonableness of the position each party has taken throughout the litigation.

THE COURT FINDS that both parties have been unreasonable as this litigation has been prosecuted. Respondent/Mother failed to timely disclosed information to Petitioner/Father during the discovery phase of this case. Petitioner/Father, on the other hand, was unreasonable in his dealings with Respondent/Mother and the arguments presented to the Court used her disability as both a shield and a sword.

As the Court considers the evidence presented, it was clear that there is a substantial disparity of income between the parties. Petitioner/Father has a substantial monthly income whereas Respondent/Mother is on disability and has a substantially lower income. Given the circumstances in this case, it is likely that Petitioner/Father's income over time may increase. On the other hand, Respondent/Mother is on a fixed income and will have to pay high insurance premiums for health insurance because of her pre-existing condition.

The disparity of income between the parties triggers eligibility for an award of attorney's fees.

**IT IS ORDERED** that counsel for Respondent/Mother shall submit a <u>China Doll</u> Affidavit so the Court can determine what reasonable fees to award to her.

## XI. PARENTING COORDINATOR

**THE COURT FINDS AND ORDERS** that a Parenting Coordinator should be appointed in this case.

FC 2006-001776                                              03/09/2007

**IT IS ORDERED** that David W. Borrmann, 801 South Power Road, Suite 209, Mesa, Arizona 85206, is appointed as the Parenting Coordinator in this case.

Mr. Borrmann shall receive his appointment as the Parenting Coordinator in this case by way of a separate minute entry.

**IT IS FURTHER ORDERED** signing this minute entry as a formal written Order of the Court pursuant to Rule 81, Arizona Rules of Family Law Procedure.

FILED: Exhibit Worksheet.

/ s / HONORABLE L. GRANT

_____
JUDICIAL OFFICER OF THE SUPERIOR COURT

Attachments:

ALONA M GOTTFRIED: Current Employer Information, CCB-NW Non IV-D Payment Instructions

# EXHIBIT B

Michael K. Jeanes, Clerk of Court
*** Filed ***
9-17-07 8:00 Am

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2006-001776                                        08/23/2007

                                        CLERK OF THE COURT
HONORABLE L. GRANT                              T. Fenton
                                              Deputy

IN RE THE MATTER OF
TIMOTHY A INMAN                    ALONA M GOTTFRIED

AND

MARNIE A MALLORY                   BOYD W DUNN

RULING

On or about April 27, 2007, Marnie A. Mallory, Respondent/Mother, filed her Affidavit of Respondent's Attorney's Fees and Costs; the Court has received and reviewed that pleading.

On or about May 9, 2007, Petitioner/Father, Timothy A. Inman, filed his Objection to the Affidavit of Respondent's Attorney Fees and Costs; the Court has received and reviewed that pleading.

On or about May 17, 2007, Respondent/Mother filed a Response to Objection to the Affidavit of Respondent's Attorney Fees and Costs; the Court has received and reviewed that pleading.

On or about May 29, 2007, Petitioner/Father filed his Reply on Objection to Affidavit of Respondent's Attorney Fees and Costs; the Court has received and reviewed that pleading.

On or about June 6, 2007, Respondent/Mother filed a Supplemental Response and Objection to Respondent's Affidavit of Attorney's Fees and Costs; the Court has received and reviewed that pleading.

Docket Code 019                    Form D000C                         Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2006-001776                                   08/23/2007

**IT IS ORDERED** that Marnie A. Mallory, Respondent/Mother, is awarded $30,285.00 as and for her reasonable attorney's fees and costs.

**IT IS FURTHER ORDERED** that Judgment be entered against Petitioner/Father, Timothy A. Inman, and in favor of Respondent/Mother, Marnie A. Mallory, and her attorney Boys W. Dunn, SB #005709, 3200 West Ray Road, Suite #148 Chandler, Arizona 85226, in the amount of $30,285.00.

**IT IS FURTHER ORDERED** that Petitioner/Father shall satisfy this Judgment for attorney's fees and cost within 90 days from the date of entry of this Order.

**IT IS FURTHER ORDERED** that if Petitioner/Father fails to satisfy this Judgment within 90 days from the date of entry of this Order he shall be assessed interest at the legal rate of 10% per annum until this Judgment is satisfied.

**IT IS FURTHER ORDERED** signing this minute entry as a formal written Judgment of the Court pursuant to Rule 81, Arizona Rules of Family Law Procedure.


_____
JUDICIAL OFFICER OF THE SUPERIOR COURT

Docket Code 019                    Form D000C                    Page 2

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2006-001776                                        12/13/2007

CLERK OF THE COURT
HONORABLE L. GRANT                                    C. Castro
                                                     Deputy

IN RE THE MARRIAGE OF
TIMOTHY A INMAN                    TIMOTHY A INMAN
                                   437 WEST SAN ANGELO STREET
                                   GILBERT AZ  85233

AND

MARNIE A MALLORY                   BOYD W DUNN


                                   DOCKET-FAMILY COURT CCC
                                   FAMILY COURT SERVICES-CCC
                                   JUDGE WELTY


**JUDGMENT/DECREE**


Pursuant to a prior order of this Court, Respondent/Mother has filed a *China Doll Affidavit* of Attorney's Fees.

The Court has reviewed Respondent/Mother's Affidavit for Attorney's Fees and finds and orders that Respondent/Mother is entitled to all of her attorney's fees for having to respond to Petitioner/Father's motion concerning the payment of debts.

The Court has received and reviewed Respondent/Mother's *China Doll Affidavit* and orders that Respondent/Mother is awarded $1,665.00 as and for part of her reasonable attorney's fees.

Docket Code 903                    Form D903                         Page 1

FC 2006-001776                                                    12/13/2007

**IT IS ORDERED** that judgment be entered against Timothy A. Inman, Petitioner/Father in favor of Marnie A. Mallory, Respondent/Mother and her attorney Boyd W. Dunn, 2241 E. Pecos Road, Suite 2, Chandler, AZ 85225, in the amount of **$1,665.00.**

**IT IS FURTHER ORDERED** that Petitioner/Father shall satisfy this judgment for attorney's fees and cost within thirty (30) days from the date of entry of this order.

**IT IS FURTHER ORDERED** that if Petitioner/Father fails to satisfy this judgment within thirty (30) days from the date of entry of this order that he shall be assessed interest at rate of 10% per annum until this judgment is satisfied.

**IT IS FURTHER ORDERED** signing this minute entry as a formal judgment of this Court pursuant to Rule 81(D), *Arizona Rules of Family Law Procedure* on this 13th day of December, 2007.

/s/  Honorable L. Grant

JUDICIAL OFFICER OF THE SUPERIOR COURT

All parties representing themselves must keep the Court updated with address changes. A form may be downloaded at: http://www.superiorcourt.maricopa.gov/SuperiorCourt/Self-ServiceCenter.

**YARBROUGH & DUNN**
2241 East Pecos Road, Ste. 2
Chandler, Arizona 85225
TEL: 480.456.1718
FAX: 480.726.7588

**Boyd W. Dunn/SB#005709**
Attorney for Marnie A. Mallory

# IN THE UNITED STATES BANKRUPTCY COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 Proceeding |
| TIMOTHY A. INMAN, | |
| Debtor(s), | **Case No.: 2:08-bk-12023-GBN** |
| MARNIE A. MALLORY, | |
| Plaintiff, | Adversary No.: |
| vs. | |
| TIMOTHY A. INMAN | **SUMMONS** |
| Defendant. | |

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to serve upon the U.S. Bankruptcy Court and Plaintiffs' attorney, whose addresses are:

Boyd W. Dunn, P.C.                    U.S. Bankruptcy Court
2241 E. Pecos Road, Suite 2          2929 N. Central Avenue
Chandler, Arizona 85225              Phoenix, Arizona 85012

A MOTION or ANSWER* to the Complaint which is herewith served upon you, ON OR BEFORE 30 DAYS AFTER ISSUANCE, AND TO FILE THE MOTION OR ANSWER WITH THIS COURT no later than the second business day thereafter. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU for the relief demanded in the Complaint.

Boyd W. Dunn/SB#005709
**YARBROUGH & DUNN**
2241 East Pecos Road, Ste. 2
Chandler, Arizona 85225
TEL/480.456.1718  $  FAX/480.726.7588

By: _____

Clerk of the Bankruptcy Court

(Seal of the U.S. Bankruptcy Court)

Date of Issuance: _____

*If you made a motion, as you may in accordance with Bankruptcy Rule 7012, that which governs the time within which your answer must be served.

Boyd W. Dunn/SB#005709
YARBROUGH & DUNN
2241 East Pecos Road, Ste. 2
Chandler, Arizona 85225
TEL/480.456.1718 $ FAX/480.726.7588